**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Ronald Edward STEWART, Defendant–Appellant.**

No. 04–11494.
Conference Calendar.

United States Court of Appeals, Fifth Circuit.

Decided Feb. 23, 2006.

Nancy E. Larson, Assistant U.S. Attorney, Christopher R. Wolfe, U.S. Attorney's Office, Northern District of Texas, Fort Worth, TX, for Plaintiff–Appellee.

Peter Michael Fleury, Assistant Federal Public Defender, Federal Public Defender's Office, Northern District of Texas, Fort Worth, TX, for Defendant–Appellant.

Before GARZA, DENNIS, and PRADO, Circuit Judges.

PER CURIAM: *

Ronald Edward Stewart appeals from his guilty-plea conviction for two counts of bank robbery. He argues that the district court committed plain error by

* Pursuant to 5ᴛʜ Cɪʀ. R. 47.5, the court has

determined that this opinion should not be

sentencing him as a career offender, pursuant to U.S.S.G. § 4B1.1(b)(C), based upon his two prior Texas state convictions for burglary of a habitation. As Stewart concedes, this issue is reviewed only for plain error because he did not object on this basis in district court. *See United States v. Gracia–Cantu,* 302 F.3d 308, 310 (5th Cir.2002); *see also United States v. Villegas,* 404 F.3d 355, 363 (5th Cir.2005). The district court did not commit plain error on this basis. *See United States v. Hornsby,* 88 F.3d 336, 339 (5th Cir.1996).

 Stewart also contends that, because his sentence was increased based upon the finding that he was a career offender, his Sixth Amendment rights were violated and he should be resentenced under the mandatory federal Sentencing Guidelines without reliance upon the career-offender finding. As he concedes, his argument is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), and by *United States v. Scroggins,* 411 F.3d 572 (5th Cir.2005).

Accordingly, the judgment of the district court is AFFIRMED.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be

published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.